**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA BAZALDUA GERARDO BAZALDUA | ) | |
| And SERGIO DOMINGUEZ, | ) | |
|     Plaintiffs, | ) | |
| | ) | No: 12-cv-04985 |
|     v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS J. FRAHM | ) | |
| (NO. 5904), P. KENNEDY (NO. 14414), | ) | |
| L. DEL COIRA (NO. 11738), L. MILLER | ) | |
| (NO. 13859), J. BELMONTS (NO. 8414), | ) | |
| D. FOSTER (NO. 14410), L MORALES | ) | |
| (NO. 15407), K. MALINOWSKI (NO. 9356), | ) | |
| , UNKNOWN CITY OF | ) | |
| CHICAGO POLICE OFFICERS, and the | ) | |
| CITY OF CHICAGO, | ) | |
|     Defendants. | ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

    NOW COME the Plaintiffs, by and through their attorneys, Brendan Shiller of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof state as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Maria Bazaldua has resided at all relevant times in the State of Illinois, County of Cook.

5. Gerardo Bazaldua has resided at all relevant times in the State of Illinois, County of Cook.

6. Sergio Dominguez has resided at all relevant times in the State of Illinois, County of Cook.

7. Defendant Police Officers CHICAGO POLICE OFFICERS J. FRAHM (NO. 5904), P. KENNEDY (NO. 14414), L. DEL COIRA (NO. 11738), L. MILLER (NO. 13859), J. BELMONTS (NO. 8414), D. FOSTER (NO. 14410), L MORALES (NO. 15407), K. MALINOWSKI (NO. 9356), Unknown City of Chicago Police Officers (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department.

8. The individual Defendants engaged in the conduct complained of while on duty and in the course and scope of their employment.

9. The individual Defendants engaged in the conduct complained of while under color of law.

10. The individual Defendants are sued in their individual capacities.

11. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, all Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

12. Defendant City of Chicago is sued under state law as a principal for their agents, the individual Defendants.

13. Defendant City of Chicago is also added as an indispensible party as the indemnifier of the individual defendants for the purpose of the federal claims.

**BACKGROUND**

14. In the early morning hours of June 26, 2011 all plaintiffs were visiting family members at 9644 S. Exchange St. in Chicago, Illinois.

15. At some point, police were called to the 9600 block of South Exchange because of loud music.

16. The Defendants later claimed that the reason they were called was because of a report of a gun. This claim was false.

17. At the same time that the police were called to the block, two different couples were leaving the 9644 S. Exchange residence to go home.

18. The couples leaving were Maria and Gerardo Bazaldua; and Miguel and Sofia Ramirez.

19. Defendant Frahm and one of the other defendants approached the car that contained The Ramirez' and the Bazaldua's. Maria and Gerardo were in the back seat.

20. Defendant Frahm ordered Gerardo out of the car. Gerardo had trouble complying because the back door was locked.

21. After a few seconds Frahm began yelling at Gerardo. When Gerardo eventually got out of the car, Frahm assaulted and battered Gerardo.

22. All named defendants were in the immediate area and had an opportunity to intervene when Frahm assaulted and battered Gerardo, and failed to do so.

23. At this point Gerardo was placed into custody in that he was handcuffed and placed in the back seat of a squad car.

24. Maria ask officer Frahm why he battered her husband.

25. Defendant Del Coiro approached Maria and battered her.

26. All of the defendants were in the immediate vicinity during the battering of Maria and failed to intervene.

27. Upon seeing Maria being battered, several family members came outside of the home, including Sergio Dominguez.

28. Dominguez stepped into the front yard and told the officers that it was unnecessary to treat a woman in such a way.

29. In response, Defendant Frahm tazered Dominguez multiple times. After being tazered, Dominguez was hit and kicked by Defendants Frahm and Del Coiro.

30. Dominguez was then tossed into the police car, face-down onto the floor board area with his legs and torso on the seat and his hands handcuffed behind him and driven to the police station in that manner.

31. During the entire multiple tazering, kicking and punching by both Defendants Frahm and Del Coiro, all of the other named Defendants were present and failed to intervene.

32. All three plaintiffs were arrested and charged with various misdemeanors.

33. Defendants Del Coiro and Miller were the arresting officers for Maria Bazaldua.

34. Defendants Frahm and Kennedy were the arresting officers of Gerardo Bazaldua

35. Defendants Del Coiro and Miller were the arresting officers of Dominguez.

36. All three Plaintiffs spent several hours in police custody.

37. Frahm was the complainant for the misdemeanor charge of battery against Gerardo Bazaldua.

38. By signing the complaint, Frahm initiated criminal proceedings against Gerardo Bazaldua.

39. Del Coiro was the complainant for the misdemeanor charge of battery against Maria Bazaldua.

40. By signing the complaint, Del Coiro initiated criminal proceedings against Maria Bazaldua.

41. Del Coiro was the complainant for the misdemeanor criminal charge of battery against Sergio Dominguez.

42. By signing the battery complaint, Del Coiro initiated criminal proceedings against Sergio Dominguez.

43. Del Coiro was the complainant for the misdemeanor criminal charge of resisting arrest against Sergio Dominguez.

44. By signing the resisting arrest complaint, Del Coiro initiated criminal proceedings against Sergio Dominguez.

45. Defendant Kennedy electronically signed the Original Case Incident Report, thereby swearing to its accuracy.

46. Defendant Kennedy knew that this report would be relied upon by prosecutors in commencing and continuing the prosecution of all Plaintiffs.

47. The Original Case Incident Report contained inaccuracies.

48. The Original Case Incident Report contained lies.

49. The Original Case Incident Report omitted relevant truths.

50. Defendant Frahm electronically signed, under penalty of perjury, the arrest report for Gerardo Bazaldua.

51. Defendant Frahm knew that this arrest report would be relied upon by prosecutors in commencing and continuing prosecution against Bazaldua.

52. This arrest report contained inaccuracies.

53. This arrest report contained lies

54. This arrest report omitted relevant truths.

55. Defendant Del Coiro electronically signed, under penalty of perjury, the arrest report for Maria Bazaldua.

56. Defendant Del Coiro knew that this arrest report would be relied upon by prosecutors in commencing and continuing prosecution against Bazaldua.

57. This arrest report contained inaccuracies.

58. This arrest report contained lies

59. This arrest report omitted relevant truths.

60. Defendant Del Coiro electronically signed, under penalty of perjury, the arrest report for Sergio Dominguez.

61. Defendant Del Coiro knew that this arrest report would be relied upon by prosecutors in commencing and continuing prosecution against Dominguez.

62. This arrest report contained inaccuracies.

63. This arrest report contained lies

64. This arrest report omitted relevant truths.

65. All three plaintiffs were forced to spend money on legal defense.

66. All three plaintiffs had to attend multiple court dates.

67. All three plaintiffs had various injuries due to the excessive force used against them.

68. The cases against all three plaintiffs were eventually dismissed in a manner indicative of innocence.

## COUNT I

**42 U.S.C. § 1983 – Excessive Force on Behalf of All Plaintiffs
As Against Frahm and Del Coiro**

69. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

70. Defendants Officers inflicted violence upon all of the Plaintiffs that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

71. When inflicting violence upon Plaintiffs, Defendant Officers were acting "under color of state law."

72. The actions of Defendant Officers in inflicting violence upon Plaintiffs were willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for their rights, amounting to an abuse of power that shocks the conscience.

73. As a result of excessive force inflicted by Defendant Officers, Plaintiffs sustained physical injuries as well as emotional damages and suffering.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT II

### 42 U.S.C. § 1983 – Failure to Intervene Against All Defendants

74. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

75. All Defendant Officers had a reasonable opportunity to prevent the use of excessive force against all the Plaintiffs and prevent their injuries, but failed to do so.

76. As a result of the Defendant Officers' failure to intervene, Plaintiffs have suffered physical and emotional injuries.

77. Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. § 1983 – Unlawful Seizure/ False Arrest

### As Against Del Coiro, Miller, Frahm and Kennedy

78. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

79. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

80. The actions of the Defendant Officers described above, whereby they knowingly seized Plaintiffs without probable cause or any other justification constituted deliberate indifference to their rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

81. As a result of the illegal seizures, Plaintiffs were injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and anguish.

82. The actions of the Defendant Unknown Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this court deems equitable and just.

## COUNT IV

### State Claim - Intentional Infliction of Emotional Distress As Against All Defendants

53. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

54. The acts and conduct of Defendant Officers, as set forth above, were extreme and outrageous.

55. In particular, the conduct of Defendant Officers in using excessive force upon Plaintiffs including the use of a taser gun for no valid law enforcement purpose placed Plaintiffs in a state of anxiety, fear, and humiliation, and caused them physical pain and severe emotional distress.

56. As a result of Defendant Officers' use of excessive force against Plaintiffs they suffered severe emotional distress.

57. Further, the false arrest and malicious prosecution were designed to cover up the excessive force and in and off themselves were extreme and outrageous conduct.

58. Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiffs.

59. The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

60. Said actions and conduct caused Plaintiffs extensive grief and suffering by the unwarranted excessive force directed to them.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorneys' fees, medical expenses, and such other and additional relief as this Court deems equitable and just.

## <u>COUNT V</u>

### State Claim – Assault As Against Frahm and Del Coiro

61. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

62. The Defendant Officers denied Plaintiffs' rights by assaulting them.

63. Plaintiffs believed that they were in danger of being battered by the Defendant Officers.

64. Plaintiffs' belief of an imminent battery was reasonable.

65. Any reasonable person would also have become apprehensive in the face of the Defendant Officers' threatening conduct.

66. The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

### State Claim – Battery As Against Frahm and Del Coiro

67. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

68. Without the consent of Plaintiffs, Defendant Officers intentionally, harmfully, and/or offensively touched all of the Plaintiffs.

69. Plaintiffs were damaged by this intentional and unauthorized touching.

70. The Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers, jointly and severally, for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Claim – Malicious Prosecution As Against Frahm, Del Coiro, and Kennedy

71. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

72. Defendants maliciously caused criminal charges to be commenced and continued against Plaintiffs by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against him.

73. There was no probable cause for the institution of criminal charges against Plaintiffs.

74. The criminal charges against Plaintiff were disposed of in a manner indicative of innocence.

75. Plaintiffs were injured, including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

76. Defendants conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT VIII

### State Claim – False Imprisonment as Against All Defendants

77. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

78. Defendants falsely imprisoned the Plaintiffs, restricting their movement against their will.

79. There was no justification for this imprisonment

80. Plaintiffs were injured, including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

81. Defendants conduct was willful and wanton.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT IX

### Indemnity Claim - 745 ILCS 10/9-102

82. Plaintiffs re-allege and incorporate all previous paragraphs.

83. Defendant City of Chicago is the employer of Defendant Officers.

84. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

85. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

86. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs were injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the claims set forth above, Plaintiffs demand, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT X

### *Respondeat Superior* Liability against City of Chicago for State Law Claims

87. Plaintiffs re-allege and incorporate all previous paragraphs.

88. Defendant City of Chicago is the employer of Defendant Officers.

89. Defendant City of Chicago is liable for its employees' actions under the doctrine of *respondeat superior*.

90. The acts of Defendant Officers described in the state law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

91. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiffs were injured.

WHEREFORE, should any Defendant Officer be found liable on one or more of the state law claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable under a *respondeat superior* theory of liability for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorneys' fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## Count X

### 42 .S.C. § 1983: Conspiracy to Deprive Constitutional Rights As Against All Defendants

92. Plaintiff realleges and reincorporates all previous paragraphs.

93. The Defendants reached an agreement amongst themselves to unlawfully seize Plaintiffs, and to continue the unlawful seizure of plaintiffs, and to thereby deprive Plaintiffs of their rights under the Fourth Amendment and 42 U.S.C. § 1983.

94. The Defendant Officers, acting in concert, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

95. The Defendants that were not directly responsible for the seizure of the Plaintiffs implicitly agreed to support those detentions by failing to report what actually occurred to their

supervisors and by implicitly and expressly agreeing with the false accounts of the other

Defendants.

96. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an

otherwise willful participant in joint activity.

97. The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of others.

Wherefore, Plaintiffs demand judgment against Defendant Officers and for actual and

compensatory damages in an amount deemed at time of trial to be just fair, and appropriate.

## Count XI

## Conspiracy to Commit State Tort

98. Plaintiff realleges and reincorporates all previous paragraphs.

99. The Defendants reached an agreement amongst themselves to maliciously prosecute

Plaintiffs.

100.    The Defendant Officers, acting in concert, conspired by concerted action to accomplish

an unlawful purpose by an unlawful means.

101.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and

was an otherwise willful participant in joint activity.

102.    The misconduct described in this Count was undertaken with malice, willfulness, and

reckless indifference to the rights of others.

Wherefore, Plaintiffs demand judgment against Defendant Officers and for actual and

compensatory damages in an amount deemed at time of trial to be just fair, and appropriate.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

/s/ Brendan Shiller

Brendan Shiller
The Shiller Preyar Law Offices
4554 N. Broadway, Suite 325
Chicago, IL 60640
(773) 907-0940