**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA BAZALDUA, GERARDO BAZALDUA and SERGIO DOMINGUEZ, | ) ) ) | No.    12 C 4985 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CHICAGO POLICE OFFICERS J. FRAHM, (No. 5904), P. KENNEDY (No. 14414), L. DEL COIRO (No. 11738), L. MILLER (No. 13859), J. BELMONTS (No. 8414), D. FOSTER (No. 14410), L. MORALES, (No. 15407), K. MALINOWSKI (No. 9356), UNKNOWN CITY OF CHICAGO POLICE OFFICERS, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Chicago Police Officers Frahm (Star No. 5904), Kennedy (Star No. 14414), Del Coiro (Star No. 11738), Chudy-Miller (No. 13859), Belmonts (Star No. 8414), Foster (Star No. 14410), Morales (Star No. 15407), Malinowski (Star No. 9356) ("Defendant Officers"), and the City of Chicago ("the City") (collectively, "Defendants[1]"), by and through their attorneys, Robin Shoffner, Assistant Corporation Counsel, and Lindsey Vanorny, Assistant Corporation Counsel, for their answer to Plaintiffs' Complaint, affirmative defenses, and jury demand, states as follows:

## INTRODUCTION

1.    This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States.

---

[1] Defendants are not answering on behalf of the unnamed and unknown defendants.

**ANSWER**:    Defendants admit that this action purportedly arises under 42 U.S.C. §1983 for the alleged deprivations of Plaintiffs' constitutional rights.   Defendants deny any deprivations of Plaintiffs' constitutional rights.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the judicial code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER**:    Defendants admit that this action purportedly arises under 42 U.S.C. §§1983 and

1985 for the alleged deprivations of Plaintiffs' constitutional rights.   Defendants

further admit that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a) and

that pendant jurisdiction is provided under U.S.C. § 1367(a).

## VENUE

3.    Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

**ANSWER**:    Defendants admit that venue is proper pursuant to 28 U.S.C. Section 1391(b)

because the alleged incident occurred in the Northern District of Illinois.

## THE PARTIES

4.    Maria Bazaldua has resided at all relevant times in the State of Illinois, County of Cook.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

5.    Gerardo Bazaldua has resided at all relevant times in the State of Illinois, County of Cook.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

2

6.       Sergio Dominguez has resided at all relevant times in the State of Illinois, County of Cook.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

7.       Defendant Police Officers CHICAGO POLICE OFFICERS J. FRAHM (NO. 5904), P. KENNEDY (NO. 14414), L. DEL COIRO (NO. 11738), L. CHUDY-MILLER (NO. 13859), J. BELMONTS (NO. 8414), D. FOSTER (NO. 14410), L MORALES (NO. 15407), K. MALINOWSKI (NO. 9356), Unknown City of Chicago Police Officers (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department.

**ANSWER**:     Defendants admit that all times relevant to Plaintiffs' Complaint, Defendant

Officers Frahm, Kennedy, Del Coiro, Chudy-Miller, Belmonts, Foster, Morales,

and Malinowski were employed by the City of Chicago Police Department.

Defendants lack knowledge or information sufficient to admit or deny the

remaining allegations contained in this paragraph.

8.       The individual Defendants engaged in the conduct complained of while on duty and in the course and scope of their employment.

**ANSWER**:     Defendants admit that all times relevant to Plaintiffs' Complaint, Defendant

Officers Frahm, Kennedy, Del Coiro, Chudy-Miller, Belmonts, Foster, Morales,

and Malinowski were on duty and were acting in the course and scope of their

employment.   Defendants deny the remaining allegations contained in this

paragraph.

9.       The individual Defendants engaged in the conduct complained of while under color of law.

**ANSWER**:     Defendants admit that all times relevant to Plaintiffs' Complaint, Defendant

Officers Frahm, Kennedy, Del Coiro, Chudy-Miller, Belmonts, Foster, Morales,

and Malinowski were acting under color of law.   Defendants deny the remaining

allegations contained in this paragraph.

10.     The individual Defendants are sued in their individual capacities.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

11.     Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At all times relevant hereto, all Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

**ANSWER**:     Defendants admit that the City of Chicago is a municipal corporation duly

incorporated under the laws of the State of Illinois and is the employer and

principal of Defendant Officers Frahm, Kennedy, Del Coiro, Chudy-Miller,

Belmonts, Foster, Morales, and Malinowski.   Defendants further admit that at all

times relevant to Plaintiffs' Complaint, Defendant Officers Frahm, Kennedy, Del

Coiro, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski were acting

under the color of law and within the scope of their employment with Defendant

City of Chicago.

12.     Defendant City of Chicago is sued under state law as a principal for their agents, the individual Defendants.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

13.     Defendant City of Chicago is also added as an indispensable party as the indemnifier of the individual defendants for the purpose of the federal claims.

**ANSWER**:      Defendants admit that Plaintiffs brought an indemnification claim against the

City of Chicago under Illinois state law.   Defendants deny the remaining

allegations contained in this paragraph.

## <u>BACKGROUND</u>

14.     In the early morning hours of June 26, 2011 all plaintiffs were visiting family members at 9644 S. Exchange St. in Chicago, Illinois.

4

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

15.    At some point, police were called to the 9600 block of South Exchange because of loud music.

**ANSWER**:    Defendants admit that Defendant Officers Frahm, Kennedy, Del Coiro,

Chudy-Miller, Belmonts, Foster, Morales, and Malinowski went to the 9600 block

of South Exchange.   Defendants deny the remaining allegation contained in this

paragraph.

16.    The Defendants later claimed that the reason they were called was because of a report of a gun. This claim was false.

**ANSWER**:    Defendants admit that Defendant Officers Frahm, Kennedy, Del Coiro,

Chudy-Miller, Belmonts, Foster, Morales, and Malinowski went to the 9600 block

of South Exchange after receiving the report of a gun.   Defendants deny the

remaining allegations contained in this paragraph.

17.    At the same time that the police were called to the block, two different couples were leaving the 9644 S. Exchange residence to go home.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

18.    The couples leaving were Maria and Gerardo Bazaldua; and Miguel and Sofia Ramirez.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

19.    Defendant Frahm and one of the other defendants approached the car that contained The Ramirez' and the Bazaldua's. Maria and Gerardo were in the back seat.

**ANSWER**:    Defendant Officers Frahm and Kennedy admit that they approached a car that

contained Gerardo Bazaldua.   Defendant Officers Frahm and Kennedy lack

knowledge or information sufficient to admit or deny the remaining allegations

contained in this paragraph.   Defendants the City and Officers Del Coiro,

Chudy-Miller, Belmonts, Foster, Morales, and Malinowski lack knowledge or

information sufficient to admit or deny the allegations contained in this paragraph.

20.     Defendant Frahm ordered Gerardo out of the car. Gerardo had trouble complying because the back door was locked.

**ANSWER**:     Defendant Officers Frahm and Kennedy admit that Officer Frahm ordered

Gerardo Bazaldua out of the car.   Defendant Officers Frahm and Kennedy deny

the remaining allegations contained in this paragraph.   Defendants the City and

Officers Del Coiro, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski

lack knowledge or information sufficient to admit or deny the allegations

contained in this paragraph.

21.     After a few seconds Frahm began yelling at Gerardo. When Gerardo eventually got out of the car, Frahm assaulted and battered Gerardo.

**ANSWER**:     Defendant Officers Frahm and Kennedy deny the allegations contained in this

paragraph.   Defendants the City and Officers Del Coiro, Chudy-Miller,

Belmonts, Foster, Morales, and Malinowski lack knowledge or information

sufficient to admit or deny the allegations contained in this paragraph.

22.     All named defendants were in the immediate area and had an opportunity to intervene when Frahm assaulted and battered Gerardo, and failed to do so.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

23.     At this point Gerardo was placed into custody in that he was handcuffed and placed in the back seat of a squad car.

**ANSWER**:     Defendant Officers Frahm and Kennedy admit that at some point, Gerardo

Bazaldua was placed into custody in that he was handcuffed and placed in the back seat of a squad car. Defendants the City and Officers Del Coiro, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

24. Maria asks officer Frahm why he battered her husband.

**ANSWER**: Defendant Officer Frahm denies the allegation contained in this paragraph. Defendants the City and Officers Kennedy, Del Coiro, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski lack knowledge or information sufficient to admit or deny the allegation contained in this paragraph.

25. Defendant Del Coiro approached Maria and battered her.

**ANSWER**: Defendant Officers Del Coiro, Frahm, and Kennedy admit that Del Coiro approached Maria, but deny the remaining allegation contained in this paragraph. Defendants the City and Officers Chudy-Miller, Belmonts, Foster, Morales, and Malinowski lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

26. All of the defendants were in the immediate vicinity during the battering of Maria and failed to intervene.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

27. Upon seeing Maria being battered, several family members came outside of the home, including Sergio Dominguez.

**ANSWER**: Defendant Officers Del Coiro, Frahm, and Kennedy deny that Maria was battered. Defendant Officers Del Coiro, Frahm, and Kennedy lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph. Defendants the City and Officers Chudy-Miller, Belmonts, Foster,

7

Morales, and Malinowski lack knowledge or information sufficient to admit or

deny the allegations contained in this paragraph.

28.     Dominguez stepped into the front yard and told the officers that it was unnecessary to treat a woman in such a way.

**ANSWER**:     Defendant Officers Del Coiro, Frahm, and Kennedy deny the allegations

contained in this paragraph.   Defendants the City and Officers Chudy-Miller,

Belmonts, Foster, Morales, and Malinowski lack knowledge or information

sufficient to admit or deny the allegations contained in this paragraph.

29.     In response, Defendant Frahm tazered Dominguez multiple times. After being tazered, Dominguez was hit and kicked by Defendants Frahm and Del Coiro.

**ANSWER**:     Defendant Officers Del Coiro, Frahm, and Kennedy admit that Defendant Officer

Frahm deployed a taser at Dominguez multiple times.   Defendant Officers Del

Coiro, Frahm, and Kennedy deny the remaining allegations contained in this

paragraph.   Defendants the City and Officers Chudy-Miller, Belmonts, Foster,

Morales, and Malinowski lack knowledge or information sufficient to admit or

deny the allegations contained in this paragraph.

30.      Dominguez was then tossed into the police car, face-down onto the floor board area with his legs and torso on the seat and his hands handcuffed behind him and driven to the police station in that manner.

**ANSWER**:     Defendant Officers Del Coiro, Frahm, and Kennedy deny the allegations

contained in this paragraph.   Defendants the City and Officers Chudy-Miller,

Belmonts, Foster, Morales, and Malinowski lack knowledge or information

sufficient to admit or deny the allegations contained in this paragraph.

31.     During the entire multiple tazering, kicking and punching by both Defendants Frahm and Del Coiro, all of the other named Defendants were present and failed to intervene.

8

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

    32.     All three plaintiffs were arrested and charged with various misdemeanors.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

    33.     Defendants Del Coiro and Chudy-Miller were the arresting officers for Maria Bazaldua.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

    34.     Defendants Frahm and Kennedy were the arresting officers of Gerardo Bazaldua.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

    35.     Defendants Del Coiro and Chudy-Miller were the arresting officers of Dominguez.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

    36.     All three Plaintiffs spent several hours in police custody.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

              allegations contained in this paragraph.

    37.     Frahm was the complainant for the misdemeanor charge of battery against Gerardo Bazaldua.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

    38.     By signing the complaint, Frahm initiated criminal proceedings against Gerardo Bazaldua.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

    39.     Del Coiro was the complainant for the misdemeanor charge of battery against Maria Bazaldua.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

    40.     By signing the complaint. Del Coiro initiated criminal proceedings against Maria Bazaldua.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

41.     Del Coiro was the complainant for the misdemeanor criminal charge of battery against Sergio Dominguez.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

42.     By signing the battery complaint, Del Coiro initiated criminal proceedings against Sergio Dominguez.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

43.     Del Coiro was the complainant for the misdemeanor criminal charge of resisting arrest against Sergio Dominguez.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

44.     By signing the resisting arrest complaint, Del Coiro initiated criminal proceedings against Sergio Dominguez.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

45.     Defendant Kennedy electronically signed the Original Case Incident Report, thereby swearing to its accuracy.

**ANSWER**:     Defendants admit that Officer Kennedy electronically signed the Original Case

Incident Report, but deny the remaining allegation contained in this paragraph.

46.     Defendant Kennedy knew that this report would be relied upon by prosecutors in commencing and continuing the prosecution of all Plaintiffs.

**ANSWER**:     Defendant Officer Kennedy admits the allegation contained in this paragraph.

Defendants the City and Officers Frahm, Del Coiro, Chudy-Miller, Belmonts,

Foster, Morales, and Malinowski lack knowledge or information sufficient to

admit or deny the allegations contained in this paragraph.

47.     The Original Case Incident Report contained inaccuracies.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

allegation contained in this paragraph.

48.     The Original Case Incident Report contained lies.

10

**ANSWER**:     Defendants deny the allegation contained in this paragraph.

49.     The Original Case Incident Report omitted relevant truths.

**ANSWER**:     Defendants deny the allegation contained in this paragraph.

50.     Defendant Frahm electronically signed, under penalty of perjury, the arrest report for Gerardo Bazaldua.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

51.     Defendant Frahm knew that this arrest report would be relied upon by prosecutors in commencing and continuing prosecution against Bazaldua.

**ANSWER**:     Defendant Officer Frahm admits the allegation contained in this paragraph.

Defendants the City and Officers Kennedy, Del Coiro, Chudy-Miller, Belmonts,

Foster, Morales, and Malinowski lack knowledge or information sufficient to

admit or deny the allegations contained in this paragraph.

52.     This arrest report contained inaccuracies.

**ANSWER**:     Defendants lack knowledge or information sufficient to admit or deny the

allegation contained in this paragraph.

53.     This arrest report contained lies.

**ANSWER**:     Defendants deny the allegation contained in this paragraph.

54.     This arrest report omitted relevant truths.

**ANSWER**:     Defendants deny the allegation contained in this paragraph.

55.     Defendant Del Coiro electronically signed, under penalty of perjury, the arrest report for Maria Bazaldua.

**ANSWER**:     Defendants admit the allegations contained in this paragraph.

56.     Defendant Del Coiro knew that this arrest report would be relied upon by prosecutors in commencing and continuing prosecution against Bazaldua.

**ANSWER**:    Defendant Officer Del Coiro admits the allegation contained in this paragraph. Defendants the City and Officers Frahm, Kennedy, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

57.    This arrest report contained inaccuracies.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the allegation contained in this paragraph.

58.    This arrest report contained lies.

**ANSWER**:    Defendants deny the allegation contained in this paragraph.

59.    This arrest report omitted relevant truths.

**ANSWER**:    Defendants deny the allegation contained in this paragraph.

60.    Defendant Del Coiro electronically signed, under penalty of perjury, the arrest report for Sergio Dominguez.

**ANSWER**:    Defendants admit the allegations contained in this paragraph.

61.    Defendant Del Coiro knew that this arrest report would be relied upon by prosecutors in commencing and continuing prosecution against Dominguez.

**ANSWER**:    Defendant Officer Del Coiro admits the allegation contained in this paragraph. Defendants the City and Officers Frahm, Kennedy, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

62.    This arrest report contained inaccuracies.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the allegation contained in this paragraph.

63.    This arrest report contained lies.

**ANSWER**:    Defendants deny the allegation contained in this paragraph.

64.    This arrest report omitted relevant truths.

**ANSWER**:    Defendants deny the allegation contained in this paragraph.

65.    All three plaintiffs were forced to spend money on legal defense.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegation contained in this paragraph.

66.    All three plaintiffs had to attend multiple court dates.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegation contained in this paragraph.

67.    All three plaintiffs had various injuries due to the excessive force used against them.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

68.    The cases against all three plaintiffs were eventually dismissed in a manner indicative of innocence.

**ANSWER**:    Defendants lack knowledge or information sufficient to admit or deny the

allegations contained in this paragraph.

**COUNT I**
**42 U.S.C. § 1983 -Excessive Force on Behalf of All Plaintiffs**
**As Against Frahm and Del Coiro**

Defendants the City and Officers Kennedy, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski do not respond to the allegations contained in Count I as these allegations are not directed to them.

69.    Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:    Defendants Officers Frahm and Del Coiro re-allege and incorporate all of their

answers to the allegations contained in the preceding paragraphs.

70.     Defendants Officers inflicted violence upon all of the Plaintiffs that was excessive, unnecessary, and grossly disproportionate to the need for action under the circumstances.

**ANSWER**:     Defendants Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

71.     When inflicting violence upon Plaintiffs, Defendant Officers were acting "under color of state law."

**ANSWER**:     Defendant Officers Frahm and Del Coiro admit that all times relevant to

Plaintiffs' Complaint, they were acting under color of state law.  Defendant

Officers Frahm and Del Coiro deny the remaining allegation contained in this

paragraph.

72.     The actions of Defendant Officers in inflicting violence upon Plaintiffs were willful, intentional, malicious, and/or done with a reckless indifference and callous disregard for their rights, amounting to an abuse of power that shocks the conscience.

**ANSWER**:     Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

73.     As a result of excessive force inflicted by Defendant Officers, Plaintiffs sustained physical injuries as well as emotional damages and suffering.

**ANSWER**:     Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

## COUNT II
### 42 U.S.C. § 1983 - Failure to Intervene Against All Defendants

74.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

14

75.     All Defendant Officers had a reasonable opportunity to prevent the use of excessive force against all the Plaintiffs and prevent their injuries, but failed to do so.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

76.     As a result of the Defendant Officers' failure to intervene, Plaintiffs have suffered physical and emotional injuries.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

77.     Defendant Officers' misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

### COUNT III
### 42 U.S.C. § 1983 - Unlawful Seizure/ False Arrest
### as Against Del Coiro, Chudy-Miller, Frahm and Kennedy

Defendants the City and Officers Belmonts, Foster, Morales, and Malinowski do not respond to the allegations contained in Count III as these allegations are not directed to them.

78.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:     Defendant Officers Del Coiro, Chudy-Miller, Frahm, and Kennedy re-allege and

incorporate all of their answers to the allegations contained in the preceding

paragraphs.

79.     Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

**ANSWER**:     Defendant Officers Del Coiro, Chudy-Miller, Frahm, and Kennedy admit the

allegation contained in this paragraph.

80.     The actions of the Defendant Officers described above, whereby they knowingly seized Plaintiffs without probable cause or any other justification constituted deliberate indifference to their rights under the U.S. Constitution, thus violating the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:     Defendant Officers Del Coiro, Chudy-Miller, Frahm, and Kennedy deny the

allegations contained in this paragraph.

81.     As a result of the illegal seizures, Plaintiffs were injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and anguish.

**ANSWER**:     Defendant Officers Del Coiro, Chudy-Miller, Frahm, and Kennedy deny the

allegations contained in this paragraph.

82.     The actions of the Defendant Unknown Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiffs' rights.

**ANSWER**:     Defendant Officers Del Coiro, Chudy-Miller, Frahm, and Kennedy deny the

allegations contained in this paragraph.

## COUNT IV
### State Claim - Intentional Infliction of Emotional Distress
### As Against All Defendants

53.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in the preceding paragraphs.

54.     The acts and conduct of Defendant Officers, as set forth above, were extreme and outrageous.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

55.     In particular, the conduct of Defendant Officers in using excessive force upon Plaintiffs including the use of a taser gun for no valid law enforcement purpose placed Plaintiffs in a state of anxiety, fear, and humiliation, and caused them physical pain and severe emotional distress.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

56.     As a result of Defendant Officers use of excessive force against Plaintiffs they suffered severe emotional distress.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

57.     Further, the false arrest and malicious prosecution were designed to cover up the excessive force and in and off themselves were extreme and outrageous conduct.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

58.     Defendant Officers intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiffs.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

59.     The conduct of the Defendant Officers was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

60.     Said actions and conduct caused Plaintiffs extensive grief and suffering by the unwarranted excessive force directed to them.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

## COUNT V
### State Claim - Assault as Against Frahm and Del Coiro

Defendants the City and Officers Kennedy, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski do not respond to the allegations contained in Count V as these allegations are not directed to them.

61.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:     Defendant Officers Frahm and Del Coiro re-allege and incorporate all of their answers to the allegations contained in the preceding paragraphs.

62.     The Defendant Officers denied Plaintiffs' rights by assaulting them.

**ANSWER**:     Defendant Officers Frahm and Del Coiro deny the allegations contained in this paragraph.

63.     Plaintiffs believed that they were in danger of being battered by the Defendant Officers.

17

**ANSWER**:    Defendant Officers Frahm and Del Coiro lack knowledge or information

sufficient to admit or deny the allegations contained in this paragraph.

64.    Plaintiffs' belief of an imminent battery was reasonable.

**ANSWER**:    Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

65.    Any reasonable person would also have become apprehensive in the face of the Defendant Officer threatening conduct.

**ANSWER**:    Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

66.    The Defendant Officers' conduct that resulted in this assault was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

**ANSWER**:    Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

### COUNT VI
### State Claim - Battery as Against Frahm and Del Coiro

Defendants the City and Officers Kennedy, Chudy-Miller, Belmonts, Foster, Morales, and Malinowski do not respond to the allegations contained in Count VI as these allegations are not directed to them.

67.    Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:    Defendant Officers Frahm and Del Coiro re-allege and incorporate all of their

answers to the allegations contained in the preceding paragraphs.

68.    Without the consent of Plaintiffs, Defendant Officers intentionally, harmfully, and/or offensively touched all of the Plaintiffs.

**ANSWER**:    Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

69.     Plaintiffs were damaged by this intentional and unauthorized touching.

**ANSWER**:     Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

70.     The Defendant Officers' conduct that resulted in this battery was undertaken with malice, willfulness, and reckless indifference to Plaintiffs' rights.

**ANSWER**:      Defendant Officers Frahm and Del Coiro deny the allegations contained in this

paragraph.

## COUNT VII
### State Claim - Malicious Prosecution as Against Frahm, Del Coiro, and Kennedy

Defendants the City and Officers Chudy-Miller, Belmonts, Foster, Morales, and Malinowski do not respond to the allegations contained in Count VII as these allegations are not directed to them.

71.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:     Defendant Officers Frahm, Del Coiro, and Kennedy re-allege and incorporate all

of their answers to the allegations contained in the preceding paragraphs.

72.     Defendants maliciously caused criminal charges to be commenced and continued against Plaintiffs by creating false and incomplete police reports, swearing to false criminal charges, and falsely testifying in court against him.

**ANSWER**:     Defendant Officers Frahm, Del Coiro, and Kennedy deny the allegations

contained in this paragraph.

73.     There was no probable cause for the institution of criminal charges against Plaintiffs.

**ANSWER**:     Defendant Officers Frahm, Del Coiro, and Kennedy deny the allegations

contained in this paragraph.

74.     The criminal charges against Plaintiff were disposed of in a manner indicative of innocence.

**ANSWER**:     Defendant Officers Frahm, Del Coiro, and Kennedy lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

75.     Plaintiffs were injured, including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

**ANSWER**:     Defendant Officers Frahm, Del Coiro, and Kennedy deny the allegations contained in this paragraph.

76.     Defendants conduct was willful and wanton.

**ANSWER**:     Defendant Officers Frahm, Del Coiro, and Kennedy deny the allegation contained in this paragraph.

**COUNT VIII**
**State Claim - False Imprisonment as Against All Defendants**

77.     Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations contained in the preceding paragraphs.

78.     Defendants falsely imprisoned the Plaintiffs, restricting their movement against their will.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

79.     There was no justification for this imprisonment.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

80.     Plaintiffs were injured. including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

81.     Defendants conduct was willful and wanton.

20

**ANSWER**:     Defendants deny the allegation contained in this paragraph.

## COUNT IX
### Indemnity Claim - 745 ILCS 10/9-102

82.     Plaintiffs re-allege and incorporate all previous paragraphs.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in all previous paragraphs.

83.     Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER**:     Defendants admit that all times relevant to Plaintiffs' Complaint, Defendant City

of Chicago was the employer of Defendant Officers Frahm, Kennedy, Del Coiro,

Chudy-Miller, Belmonts, Foster, Morales, and Malinowski.

84.     Defendant Officers committed the acts alleged above under color of law and in
the scope of their employment as employees of the City of Chicago.

**ANSWER**:     Defendants admit that all times relevant to Plaintiffs' Complaint, Defendant

Officers Frahm, Kennedy, Del Coiro, Chudy-Miller, Belmonts, Foster, Morales,

and Malinowski were acting under color of law and in the scope of their

employment as employees of the City of Chicago.

85.     In Illinois, public entities are directed to pay for any tort judgment for
compensatory damages for which employees are liable within the scope of their employment
activities.   745 ILCS 10/9-102.

**ANSWER**:     Defendants admit the allegation contained in this paragraph.

86.     As a proximate cause of Defendant Officers' unlawful acts, which occurred within
the scope of their employment activities, Plaintiffs were injured.

**ANSWER**:      Defendants deny the allegation contained in this paragraph.

## COUNT X
### Respondeat Superior Liability against City of Chicago for State Law Claims

87.     Plaintiffs re-allege and incorporate all previous paragraphs.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in all previous paragraphs.

88.     Defendant City of Chicago is the employer of Defendant Officers.

**ANSWER**:     Defendants admit that all times relevant to Plaintiffs' Complaint, Defendant City

of Chicago was the employer of Defendant Officers Frahm, Kennedy, Del Coiro,

Chudy-Miller, Belmonts, Foster, Morales, and Malinowski.

89.     Defendant City of Chicago is liable for its employees' actions under the doctrine
of respondeat superior.

**ANSWER**:     Defendants state that the allegations contained in this paragraph contain a vague,

incomplete and/or incorrect statement of the law and therefore, are denied.

90.     The acts of Defendant Officers described in the state law claims specified above
were willful and wanton and committed in the scope of their employment as employees of the
Defendant City of Chicago.

**ANSWER**:     Defendants deny the allegations contained in this paragraph.

91.     As a proximate cause of Defendant Officers unlawful acts, which occurred within
the scope of their employment activities, Plaintiffs were injured.

**ANSWER**:      Defendants deny the allegations contained in this paragraph.

## Count X
### 42 U.S.C. § 1983: Conspiracy to Deprive Constitutional Rights as Against All Defendants

92.     Plaintiff re-alleges and reincorporates all previous paragraphs.

**ANSWER**:     Defendants re-allege and incorporate all of their answers to the allegations

contained in all previous paragraphs.

93.     The Defendants reached an agreement amongst themselves to unlawfully seize

22

Plaintiffs, and to continue the unlawful seizure of plaintiffs, and to thereby deprive Plaintiffs of their rights under the Fourth Amendment and 42 U.S.C. § 1983.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

94.   The Defendant Officers, acting in concert, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

95.   The Defendants that were not directly responsible for the seizure of the Plaintiffs implicitly agreed to support those detentions by failing to report what actually occurred to their supervisors and by implicitly and expressly agreeing with the false accounts of the other Defendants.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

96.   In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

97.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

### Count XI
### Conspiracy to Commit State Tort

98.   Plaintiff re-alleges and reincorporates all previous paragraphs.

**ANSWER**:   Defendants re-allege and incorporate all of their answers to the allegations

contained in all previous paragraphs.

99.   The Defendants reached an agreement amongst themselves to maliciously prosecute Plaintiffs.

**ANSWER**:   Defendants deny the allegation contained in this paragraph.

100.   The Defendant Officers, acting in concert, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

101.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

102.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER**:    Defendants deny the allegations contained in this paragraph.

## AFFIRMATIVE DEFENSES

1.    Defendant Officers are entitled to qualified immunity as to all federal claims. Defendant Officers are government officials, namely police officers, who perform discretionary duties.   At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers, could have believed his or her actions to be lawful, in light of clearly established law and the information that he or she possessed.   Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2.    Under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter, "Illinois Tort Immunity Act"), an officer is justified in the use of any force which he or she reasonably believes to be necessary to effect arrest and of any force which he or she reasonably believes to be necessary to defend himself or herself or another from bodily harm while making the arrest.   *See* 720 ILCS 5/7-5.

3.    Defendant Officers are not liable for any of the claims alleged by Plaintiffs because under the Illinois Tort Immunity Act, a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.   *See* 745 ILCS 10/2-202.

4.     Under the Illinois Tort Immunity Act, the City is not liable for any claims alleged by Plaintiffs if Defendant Officers are not liable to Plaintiffs.   *See* 745 ILCS 10/2-109.

5.     To the extent that Plaintiffs have failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by the application of the principle that Plaintiffs have a duty to mitigate their damages, commensurate with the degree of failure to mitigate attributed by the jury in this case.

6.     To the extent that any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, wilful, wanton and/or other wrongful conduct on the part of the Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by the application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.

7.     To the extent that Plaintiffs' injuries were caused by the act or omission of another person, Defendant Officers are not liable for such injuries under the Illinois Tort Immunity Act. *See* 745 ILCS 10/2-204.

## <u>JURY DEMAND</u>

Defendants hereby demand a jury trial for all issues so triable.

Respectfully submitted,

<u>/s/ Lindsey Vanorny</u>
Lindsey Vanorny
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-0234
Attorney No. 6303642

<u>/s/ Robin Shoffner</u>
Robin Shoffner
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-4746
Attorney No. 6204393